BIRCHAK, PLAINTIFF-APPELLEE, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION AND DAVIS SALVAGE COMPANY, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25873. Decided June 1, 1962.

*Messrs. Schweid & Rini,* for plaintiff-appellee.

Mr. *Mark McElroy,* attorney general, Mr. *Michael P. O'Brien* and Mr. *Owen J. McCafferty,* assistant attorneys general, for defendants-appellants.

(HUNSICKER, J., of the Ninth Appellate District, sitting by designation in place of HURD, J.)

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff upon trial by that court without the intervention of a jury. The action in the trial court (designated as an appeal from the final determination of the Industrial Commission), brought under the provisions of Section 4123.519, Revised Code, seeks to determine the right of the plaintiff (widow of Andrew Birchak) to participate in the fund administered by the Bureau of Workmen's Compensation, it being claimed that said Andrew Birchak came to his death from injuries sustained while acting within the scope and course of his employment as a "scavenger" or "picker" for The Davis Salvage Company.

The Davis Salvage Company was afforded by contract the exclusive right to sort out and retrieve all salvable materials from the several "dumps" operated by the City of Cleveland. By the contract, under the provisions of paragraph (21), the salvage company was required to fully comply with the Workmen's Compensation laws of Ohio and to hold the city harmless from any and all liability arising under said Act. Under the provisions of paragraph (25) (H), of such contract, it is provided that no person shall be permitted on dumps other than the employees of the licensee or City of Cleveland em-

ployees assigned to said landfill. Subparagraph (L), of paragraph (25), provides:

"All of the licensee's employees, representatives or agents working in and about the dumps shall be fully covered and protected by Industrial Commission of Ohio Insurance, furnished to the satisfaction of the City of Cleveland. Only persons so covered by Industrial Insurance shall be permitted to work on the dumps. The Director of Public Service shall have the right to prescribe the maximum number of such persons."

The contract granted The Davis Salvage Company the exclusive right to collect and carry away as its property salvable materials from the Lake Front dump and other dumps of the City. The record shows, without question, that The Davis Salvage Company was exercising, for its own profit, its rights under the salvage agreement.

In the exercise of this right, about twenty persons, referred to in the record as "salvage pickers," were employed. All such pickers and others said to have sold scrap to the salvage company are listed in two exhibits. These exhibits are small books containing blank pages which the president of the salvage company kept to make a daily record of the person from whom scrap metal was purchased and the amount paid when purchased either at the company's storage yard or on the Lake Front dump and to record the money paid to "pickers" for the salvable materials collected by them on the dump.

It is the claim of the plaintiff that her decedent, Andrew Birchak, at the time of his death, was an employee of The Davis Salvage Company, then acting within the course and scope of his employment. It is the claim of the Commission and the salvage company that if there was any business relation between Andrew Birchak and the salvage company, it was that of an independent contractor. This appeal is from the judgment of the common pleas court, where, upon trial to the court, it was held that Andrew Birchak was an employee of The Davis Salvage Company and that the plaintiff was entitled to participate in the insurance fund administered by the Industrial Commission, Andrew Birchak having come to his death while acting within the course and scope of his employment.

The errors claimed by the defendants are as follows:

"1. Error in allowing plaintiff to amend the Notice of

Appeal and Petition after 60 days over objections of defendants.

"2. Error in failing to dismiss plaintiff's case because of premature and defective appeal from the order of the administrator upon reconsideration to the Cleveland Regional Board of Review.

"3. Error in overruling defendants motion for judgment made at the close of plaintiff's case in chief; and error in overruling defendants motion for judgment at the close of defendant's case.

"4. Error of the Court in utilizing the terms and specifications of the Contract of Lease between the City of Cleveland and Davis Salvage in determining the question of an employer-employee relationship between Andrew Birchak and Davis Salvage.

"5, 6, 7. The judgment of the Court entered herein is manifestly against the weight of the evidence; the judgment of the trial court entered herein is contrary to law; the Court erred in its findings of fact and conclusions of law."

The first claim of error is not well taken. The Davis Salvage Company was named and has taken part in every step of this proceeding, being named as the employer whose address was given as 5439 Lake Court, Cleveland, Ohio (the corporation's address), in the record of this case before the Commission. Whether it was correctly named as a corporation or as an individual or individuals doing business as The Davis Salvage Company is of no jurisdictional consequence. All of the necessary parties were legally before the Commission. If The Davis Salvage Company was improperly named, it was the duty of the tribunal in which the proceeding was then active, when the mistake in the name was first discovered, to correct a mistake in the name of a party. Section 2309.58, Revised Code. *Oetzel* v. *Martin*, 163 Ohio St., 512, 127 N. E. (2d), 353.

The claim of error that the notice of appeal to the Common Pleas Court was prematurely filed is also without merit. The final order from which the appeal was taken had been journalized in the records of the Commission. The only purpose of mailing a notice of a decision of the Commission is to fix a time from which an appeal can be taken from such order. Such notice could in no way affect or change or avoid the effect or force of the order of which the notice was given as might result from

a motion for new trial in cases where a motion for new trial is provided. The notice of appeal having followed the journalization of the order appealed from vested jurisdiction upon the Common Pleas Court to hear the appeal.

The remaining claims of error are concerned with the question of whether or not the judgment of the Common Pleas Court, finding that Andrew Birchak was an employee of The Davis Salvage Company on February 13, 1957, and whether or not, as such employee, he came to his death while acting within the course and scope of his employment, is supported by sufficient credible evidence to sustain the judgment. That there is sufficient evidence to support the fact that he worked on the dump as a "picker" cannot be questioned. The president of the salvage company, in one part of his testimony, categorically denied that Andrew Birchak was working as a "picker," but the trial court could properly discount the credibility of this statement when considering the testimony of this witness in its entirety with that of other completely disinterested witnesses who observed him over a long period of time working as a "picker."

A careful examination of the evidence in this case clearly supports the trial court's conclusion that Andrew Birchak was an employee of The Davis Salvage Company and not an "independent contractor" as contended by the defendants. We accept as true the contention that the contract between the City of Cleveland and the salvage company cannot be the sole basis upon which to determine the legal relationship between the salvage company and those working on the city dumps as "pickers." However, all of the surrounding circumstances must be taken into consideration. By the terms of its license, whereby it was granted the exclusive right to collect salvable materials from the dump, the licensee's power to permit others to go upon the dump was limited to its "employees." The licensee (salvage company) was granted the exclusive right to collect all salvable property deposited on the dump so that the "pickers" gathered that which, when thus reclaimed, belonged to it (the salvage company). Paying such "pickers" on the basis of what each gathered, under all the surrounding circumstances, would constitute credible evidence justifying the trial court in concluding that this was the basis upon which each "picker" was to receive his wages.

The question of whether or not the decedent was acting within the scope of and in the course of his employment when the injury which caused his death occurred seems to have been considered by the parties to depend entirely and solely on the question of whether or not he was at that time, in fact, an employee of the salvage company.

The judgment of the trial court is affirmed.

Exceptions. Order see journal.

KOVACHY, P. J., and HUNSICKER, J., concur.